UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 9 2013

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   Criminal No. |
| | §   UNDER SEAL   **13 CR 367** |
| DENNIS B. BARSON, JR. | § |
| ~~[REDACTED]~~ | § |
| Defendants | § |

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

#### A. INTRODUCTION

At all times material to this Indictment:

#### THE MEDICARE PROGRAM

1.   The Medicare Program ("Medicare") was a federally funded health insurance program that provided health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS) an agency of the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were often referred to as Medicare

"beneficiaries."

2. Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3. Medicare Part B helped pay for certain physician services, outpatient services, and other services, including diagnostic testing, etc. that were medically necessary and were ordered by licensed medical doctors or other qualified health care providers.

## THE DEFENDANTS

4. DENNIS B. BARSON, JR., defendant herein, was a Doctor of Osteopathy, licensed by the State of Texas to practice medicine, and resided in Austin, Texas.

5. BARSON was the only doctor practicing at a medical clinic located at 8470 Gulf Freeway, Suite G, Houston, Texas.

6. ████████████ defendant herein, was the Administrator of a medical clinic located at 8470 Gulf Freeway, Suite G, Houston, Texas ("Clinic").

## B. THE CONSPIRACY

7. Beginning in or about April, 2009, the exact time being unknown and continuing thereafter to in or about February, 2010, in the Houston Division of the Southern District of Texas and elsewhere, defendants,

**DENNIS B. BARSON, JR.**
**and**
~~████████████~~

did knowingly, intentionally, and willfully combine, conspire, confederate and agree with each other and other persons known and unknown to the grand jury to commit and aid and abet certain offenses against the United States:

To violate the Health Care Fraud statute, that is, to knowingly and willfully execute and attempt to execute, a scheme and artifice: (1) to defraud a health care benefit program; namely the Medicare program; and (2) to obtain, by means of material false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody and control of, a health care benefit program, namely, Medicare; in connection with the delivery of and payment for health care benefits, items and services, violation of Title 18, United States Code Section 1347.

## C. OBJECT OF THE CONSPIRACY

8. It was an object of the conspiracy that the defendants and others known and unknown to the Grand Jury unlawfully enrich themselves by falsely and fraudulently representing to Medicare that certain services and procedures were performed for Medicare beneficiaries when in fact the defendants well knew the services and procedures were not being performed.

## D. MANNER AND MEANS

It was a part of the conspiracy that:

9. Defendant DENNIS B. BARSON, JR. would and did file a Medicare Enrollment Application in his name on April 27, 2009 for the Clinic.

10. Defendant DENNIS B. BARSON, JR. would and did open checking account number 8862703074, in his name, at Wells Fargo Bank on April 27, 2009 for the purpose of receiving Medicare payments for medical services and procedures allegedly done at the Clinic.

11. Defendant DENNIS B. BARSON, JR. would and did file an Electronic Funds Transfer Authorization Agreement with Medicare on April 27, 2009 for the purpose of designating Wells Fargo Bank checking account number 8862703074 ("Barson's Wells Fargo account") as the account authorized to receive the direct deposit of Medicare payments for medical services and procedures allegedly done at the Clinic.

12. Defendant ▬▬▬▬▬▬▬ would and did accept employment as the Administrator of the Clinic.

13. Defendant ▬▬▬▬▬▬▬ would and did represent himself to be either a Physician's Assistant or a Doctor at the Clinic.

14. Defendant ████████████ would and did see all of the patients who came to the Clinic.

15. Defendant DENNIS B. BARSON, JR. would and did review approximately ten percent (10%) of the patient files created by Defendant ████████████.

16. Defendants, DENNIS B. BARSON, JR. and ████████████ would and did cause Medicare to be billed for procedures involving 429 patients on 39 days over a two month period.

17. Defendants, DENNIS B. BARSON, JR. and ████████████ would and did cause Medicare to be billed as though they had seen more than 100 patients on thirteen different days, including a high of 156 patients on July 13, 2009.

18. Defendants, DENNIS B. BARSON, JR. and ████████████ would and did cause Medicare to be billed for procedures, including rectal sensation tests and EMG studies of the anal or urethral sphincter, which were never performed.

19. Defendants, DENNIS B. BARSON, JR. and ████████████ would and did cause Medicare to be billed for procedures, totaling approximately $2.1 million, which were either not performed or were not medically necessary.

20. Defendants, DENNIS B. BARSON, JR. and ████████████ would

and did cause Medicare to directly deposit approximately $1.2 million to Barson's Wells Fargo account for procedures which were either not performed or were not medically necessary.

21. Defendant DENNIS B. BARSON, JR. would and did provide a book of checks from Barson's Wells Fargo account to E.S., an unindicted coconspirator.

22. Defendant DENNIS B. BARSON, JR. would and did provide blank signed checks from Barson's Wells Fargo account to E.S., an unindicted coconspirator.

23. Defendant DENNIS B. BARSON, JR. would and did sign checks from Barson's Wells Fargo account payable to Care Manage Systems totaling approximately $1 million and gave them to E.S., an unindicted coconspirator.

24. Defendant DENNIS B. BARSON, JR. would and did purchase a Cashier's Check, in the amount of $77,000.00, payable to Care Manage Systems with funds from the Barson's Wells Fargo account and gave it to E.S., an unindicted coconspirator.

25. G.A., an unindicted coconspirator, would and did open business checking account number 03284-74088, in the name of Care Manage Systems, Inc, at Bank of America on April 28, 2009 ("Care Manage Systems BOA account")

26. G.A., an unindicted coconspirator, would and did write several checks from the Care Manage Systems BOA account to Defendants DENNIS B. BARSON, JR. and █████████ from July 2009 to December 2009.

27. G.A., an unindicted coconspirator, would and did wire $9,700.00 from the Care Manage Systems BOA account to Defendant DENNIS B. BARSON, JR. on February 19, 2010.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS TWO THROUGH TWENTY
(Health Care Fraud)
18 U.S.C. § 1347

### A. Introduction

At all times material to this Indictment:

1. Paragraphs 1 through 6 of Section A of Count One are realleged and incorporated as though fully set forth herein.

2. Beginning in or about June, 2009, defendants DENNIS B. BARSON, JR. and █████████ caused to be billed, and aided and abetted the billing of, Medicare, for medical procedures which were not performed on the patients. As a result of this unlawful scheme, Medicare paid out in excess of $1.6 million based on the false and fraudulent claims.

### B. Purpose of the Scheme to Defraud

3. It was a purpose of the scheme to defraud that the defendants and others known and unknown to the Grand Jury unlawfully enrich themselves by falsely and fraudulently representing to Medicare that certain services and procedures were performed for Medicare beneficiaries when in fact the defendants well knew the services and procedures were not being performed.

### C. Manner and Means

4. Paragraphs 9 through 27 of Section D of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

### D. Health Care Fraud

5. Beginning in or about June 2009, and continuing thereafter to in or about August 2009, in the Houston Division of the Southern District of Texas and elsewhere, defendants

**DENNIS B. BARSON, JR.
and
▬▬▬▬▬▬▬▬**

aided and abetted by each other and others known and unknown to the grand jury, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program, and to obtain by means of material, false and fraudulent pretenses, representations, and promises, any of the money and

property owned by, and under the custody and control of, a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services, to wit; on or about the below listed dates, the defendants caused to be submitted false and fraudulent claims to Medicare:

| CT. | PATIENT INITIALS | PATIENT MEDICARE NO. | DATE OF CLAIM | CLAIM NUMBER | AMOUNT BILLED | FALSE CLAIM |
|---|---|---|---|---|---|---|
| 2 | C.D. | 6156A | 6/30/09 | 3209181289870 | $2,261.00 | Services Not Provided |
| 3 | C.D. | 6156A | 7/6/09 | 3209187036650 | $1,108.00 | Services Not Provided |
| 4 | C.D. | 6156A | 8/5/09 | 2809217845020 | $2,216.00 | Services Not Provided |
| 5 | L.H. | 8796A | 7/6/09 | 3209187037900 | $2,655.00 | Services Not Provided |
| 6 | L.H. | 8796A | 7/14/09 | 2209195899060 | $1,108.00 | Services Not Provided |
| 7 | L.H. | 8796A | 8/5/09 | 2209217037180 | $2,216.00 | Services Not Provided |
| 8 | D.J. | 0147A | 7/6/09 | 3209187036382 | $720.00 | Services Not Provided |
| 9 | D.J. | 0147A | 7/6/09 | 3209187036380 | $2,804.00 | Services Not Provided |
| 10 | D.J. | 0147A | 8/5/09 | 2809217845300 | $2,216.00 | Services Not Provided |
| 11 | M.F. | 4116A | 7/6/09 | 3209187038060 | $2101.00 | Services Not Provided |
| 12 | M.F. | 4116A | 7/14/09 | 2209195899140 | $1,108.00 | Services Not Provided |

| 13 | M.F. | 4116A | 8/5/09 | 2209217037260 | $2,216.00 | Services Not Provided |
| 14 | Ky. J. | 0147C1 | 7/6/09 | 3209187036410 | $2,640.00 | Services Not Provided |
| 15 | Ky. J. | 0147C1 | 8/5/09 | 2809217845320 | $2,216.00 | Services Not Provided |
| 16 | C.W. | 1099A | 7/6/09 | 3209187036390 | $3,144.00 | Services Not Provided |
| 17 | C.W. | 1099A | 8/5/09 | 2809217845310 | $2,216.00 | Services Not Provided |
| 18 | E.S. | 6931A | 7/6/09 | 3209187037840 | $1,591.00 | Services Not Provided |
| 19 | E.S. | 6931A | 7/14/09 | 2209195899030 | $1,108.00 | Services Not Provided |
| 20 | E.S. | 6931A | 8/5/09 | 2209217037150 | $2,216.00 | Services Not Provided |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## NOTICE OF FORFEITURE
## 18 U.S.C. § 982(a)(7)

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States gives notice to defendants

**DENNIS B. BARSON, JR.
AND**


that upon conviction of conspiracy in violation of Title 18, United States Code,

Section 1349, or of a violation of Title 18, United States Code, Section 1347, all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offenses, is subject to forfeiture.

## Money Judgment

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Property Subject to Forfeiture

Defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

(1) at least $1,200,000.00 obtained from the conspiracy charged in Count 1 of the Indictment.

(2) money obtained from the violations charged in Counts 2-20 of the Indictment.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p) incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

**ORIGINAL SIGNATURE ON FILE**

FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
Albert A. Balboni
Assistant United States Attorney